UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 3:25-CR-24-KAC-JEM |
| | ) | |
| COURON E. BENNETT, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or recommendation as appropriate. This case is before the Court on Defendant Couron E. Bennett's Unopposed Motion to Continue Motion Deadline, Plea Deadline, and Trial Date [Doc. 13], filed on April 10, 2025.

Defendant asks the Court to continue the motion deadline, plea deadline, and trial date [Doc. 13 p. 1]. He requests a continuance of least ninety days [*Id.* at 2]. In support of his motion, he asserts that defense counsel requests further time to research and investigate to help determine if pretrial motions are appropriate [*Id.* ¶ 2]. Based on communication with counsel for the Government, he avers that "[a]dditional time is needed for a complete discovery disclosure," and then time will be needed to review and assess whether any pretrial motions should be filed [*Id.*].

Defendant also states that counsel needs time to research the predicates that allegedly would subject him to an enhanced punishment and to discuss with him discovery, the sentencing guidelines, and the potential impact of a conviction [*Id.*]. He states that granting the request will also allow the parties additional time to resolve the case [*Id.* ¶ 3]. Defendant contends that the ends of justice are best served by allowing counsel the time necessary for effective preparation; he understands that the time between filing this motion and a rescheduled court date will be fully

excludable for speedy trial purposes [*Id.* ¶¶ 3–4]. Finally, he represents that the Government does not oppose the request for a continuance [*Id.* ¶ 5].

Based upon the information in Defendant's motion and because the Government does not oppose the continuance, the Court finds the ends of justice served by granting a continuance outweigh the interests of Defendant and the public in a speedy trial. *See* 18 U.S.C. § 3161(h)(7)(A). In making this determination, the Court has considered the factors set forth in 18 U.S.C. § 3161(h)(7)(B). Specifically, the Court concludes that failing to grant a continuance would both result in a miscarriage of justice and deny counsel for Defendant the reasonable time necessary for effective preparation, accounting for the exercise of due diligence. *See id.* § 3161(h)(7)(B)(i)–(iv). Defense counsel needs further time to review discovery, research, investigate, evaluate whether to file pretrial motions, discuss the potential impact of a conviction with Defendant, work to resolve the case, and otherwise prepare for trial. The Court finds that all of this cannot occur before the May 20, 2025 trial date.

The Court therefore **GRANTS** Defendant Couron E. Bennett's Unopposed Motion to Continue Motion Deadline, Plea Deadline, and Trial Date [**Doc. 13**]. The trial of this case is reset to **August 26, 2025**. A new trial schedule is included below. Because the Court has found that the ends of justice served by granting a continuance outweigh the interests of Defendant and the public in a speedy trial, all of the time between the filing of the motion on April 10, 2025, and the new trial date is fully excludable time under the Speedy Trial Act. *See* 18 U.S.C. § 3161(h)(1)(D), (h)(7)(A)–(B).

Accordingly, it is **ORDERED** as follows:

(1) Defendant Couron E. Bennett's Unopposed Motion to Continue Motion Deadline, Plea Deadline, and Trial Date [**Doc. 13**] is **GRANTED**;

(2) the trial of this matter is reset to commence on **August 26, 2025, at 9:00 a.m.**, before the Honorable Katherine A. Crytzer, United States District Judge;

(3) all time between the filing of the motion on **April 10, 2025**, and the new trial date of **August 26, 2025**, is fully excludable time under the Speedy Trial Act for the reasons set forth herein;

(4) the deadline for filing pretrial motions is extended to **May 12, 2025**, and responses to motions are due on or before **May 27, 2025;**

(5) the deadline for filing a plea agreement in the record and providing reciprocal discovery is **July 28, 2025**;

(6) the deadline for filing motions *in limine* is **August 11, 2025**, and responses to motions *in limine* are due on or before **August 19, 2025**;

(7) the parties are to appear before the undersigned for a final pretrial conference on **August 12, 2025, at 3:00 p.m.**; and

(8) requests for special jury instructions with appropriate citations to authority pursuant to Local Rule 7.4 shall be filed on or before **August 15, 2025**.

**IT IS SO ORDERED.**

ENTER:

*/s/ Jill E. McCook*
Jill E. McCook
United States Magistrate Judge